IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| MICHAEL CASEY THOMPSON, | |
| Plaintiff, | CIVIL ACTION NO.: 6:21-cv-72 |
| v. | |
| FNU HARDEN, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1 This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

(1)  Plaintiff's claims against Defendants Brown and Knight; and

(2)  Plaintiff's conditions-of-confinement claim regarding the denial of shower access.

However, I **FIND** that one of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's excessive force claims against Defendants Harden and Ostic.

## PLAINTIFF'S CLAIMS[1]

Plaintiff's claims arise from events that occurred during his incarceration at the Toombs County Detention Center. Doc. 1 at 4. On February 1, 2021, Plaintiff walked out of his cell toward the top-range shower. Id. at 12. Plaintiff discovered the shower had feces on the floor.

---

[1]  All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Id.  Plaintiff asked Defendant Harden if he could take a shower in the bottom-range shower instead.  Id.  When Defendant Harden told him no, Plaintiff asked if he could at least clean the shower before he used it.  Id.  Defendan Harden refused him again.  Id.

Defendant Ostic then came up the stairs.  Id.  Defendants Ostic and Harden roughly grabbed Plaintiff and brought him back to his cell, throwing him inside.  Id.  Defendant Harden shoved Plaintiff violently to the ground.  Id.  As a result of this incident, Plaintiff tore a ligament in his leg, which gave him a permanent mobile impairment.  Id. at 5.  Plaintiff also had a seizure.  Id. at 12.  Plaintiff was not allowed to shower for six days.  Id.  For his injuries, Plaintiff is seeking monetary damages.  Id. at 5.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

**I.      Plaintiff's Claims Aganinst Defendants Brown and Knight**

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with a legal wrong. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). As to Defendants Brown and Knight, Plaintiff identifies these individuals as Defendants but fails to describe who these individuals are or how they are connected to any constitutional violation. In fact, Plaintiff only includes them as a part of the caption. Accordingly, I **RECOMMEND** the Court **DISMISS** claims against Defendants Brown and Knight.

**II.     Plaintiff's Eighth Amendment Claims for Denial of Shower Access**[2]

Plaintiff states he was denied access to shower for six days in the aftermath of the excessive force incident. Doc. 1 at 12. Prison officials have a duty, in light of the Eighth

---

[2]      It is unclear whether Plaintiff was a pre-trial detainee or a convicted prisoner at the time of the incident. If Plaintiff was a pre-trail detainee, his conditions-of- confinement claim would be evaluated under the Fourteenth Amendmentm, not the Eighth Amendment. That said, for § 1983 claims alleging unconstitutional conditions of confirnment, the Eleventh Circuit Court of Appeals has "historically treated convicted prisoners' Eighth Amendment claims and pretrial detainees' Fourteenth Amendment claims identically." White v. Cochran, No. 16-17490, 2017 WL 6492004, at * 2 n.1 (11th Cir. Nov. 27, 2017) (noting different standards may apply in the context of excessive force claims, but not for claims challenging the conditions of confinement). As a result, the analysis of Plaintiff's shower-access claim would not change because a conditions-of-confinement claim under the Fourteenth Amendment mirrors

3

Amendment's prohibition against cruel and unusual punishment, to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). To determine whether an inmate's Eighth Amendment rights were violated by a deprivation, courts must examine the alleged violation both objectively and subjectively. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (quotation omitted). Second, the mental state of the prison official must have been "one of deliberate indifference to inmate health or safety." Id.

"Denial of adequate hygiene for an extended period of time can violate the Eighth Amendment." Bingham v. Taylor, No. 5:15-cv-19, 2015 WL 3465984, at *8 (M.D. Ga. June 1, 2015). "Courts, however, have held that brief deprivations relating to hygiene items do not offend the constitution." Robertson v. McCray, No. 03-22823-CIV, 2006 WL 2882502, at *7 (S.D. Fla. July 28, 2006) (citing Harris v. Fleming, 839 F.3d 1232, 1235 (7th Cir. 1988)). Here, Plaintiff has only shown a brief deprivation of shower access, lasting only six days, which is not a constitutional violation. See, e.g., Ellis v. Pierce County, 415 F. App'x 215 (11th Cir. 2011) (concluding several two-week delays of shower access for pretrial detainee over the course of 15-month confinement were not constitutional vioaltions). Furthermore, Plaintiff has not alleged he suffered any harm from this brief deprivation of shower access. For this reason, I **RECOMMEND** the Court **DISMISS** the Eighth Amendment claims for the denial of shower access.

---

analysis under the Eighth Amendment's proscription against cruel and unusual punishment. See Keith v. DeKalb County, 749 F.3d 1034, 1044 n.35 (11th Cir. 2014) ("The standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments.").

4

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

(1) Plaintiff's claims against Defendants Brown and Knight; and

(2) Plaintiff's conditions-of-confinement claim regarding the denial of shower access.

However, I **FIND** that one of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's excessive force claims against Defendants Harden and Ostic.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of February, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA